IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-01990-MSK-KMT

SUNRISE MEDICAL HHG, INC., a California Corporation,

    Plaintiff,

v.

SALLY GIAMPAPA,

    Defendant.

---

# ORDER

---

This matter is before the court on plaintiff's "Motion for Leave to File the Amended Complaint" ("Mtn. to Amend" [Doc. No. 20, filed December 4, 2007]). Defendant filed "Response to Plaintiff's Motion for Leave to File the Amended Complaint" ("Rsp." [Doc. No. 26, filed February 24, 2008]) with numerous attachments and Plaintiff filed "Reply Brief in Support of Plaintiff's Motion for Leave to File the Amended Complaint" ("Reply" [Doc. No. 27, filed March 10, 2008]), also with several attachments. The court has reviewed the submissions of the parties and the contents of the court files.

A Scheduling Order was filed in this matter on January 3, 2008 by Magistrate Judge Hegarty. That order specified that the deadline date for Joinder of Parties and Amendment of Pleadings was February 4, 2008. [Doc. No. 15, ¶ 8(a)]. Therefore, the motion and proposed amended complaint were timely filed. Further, the case is in the early stages of litigation. Since

there is a pending motion to dismiss filed by the defendant, [Doc. No. 10], an answer to the complaint has not yet been filed.

Pursuant to Fed. R. Civ. P. 15(a), "The court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983). Further, the Supreme Court guides that

> The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson,* 355 U.S. 41, 48 (1957).

An argument against a request to amend a pleading which is solely based on the perceived lack of merit of a specific claim is malapropos. Here, the defendant argues that the plaintiff will not be able to ultimately prove a claim of theft against her. Although the defendant states,

2

"[p]laintiff's motion for leave to amend falls within the Tenth Circuits (sic) recognized grounds for refusal, . . ." (Rsp. at 7) there is no showing that the inclusion of the new claim is being added for the purpose of causing undue delay or as result of a dilatory motive on the part of the plaintiff, nor has the defendant shown that the request for amendment is made in bad faith. The plaintiff and the defendant simply characterize the events of May and June, 2007 differently. There is no allegation and no support for an allegation that the plaintiff has engaged in repeated failure to cure deficiencies by amendments previously allowed. Since the defendant has not yet filed an answer to the original complaint and since the addition of the new claim does not alter the grounds for her pending motion to dismiss, there is no undue prejudice to her by virtue of allowance of the amendment. Clearly, also, a difference over the quantity or quality of proof of a claim does not show futility of bringing the claim in the first instance.

Therefore, it is ORDERED.

The plaintiff's "Motion for Leave to File the Amended Complaint" [Doc. No. 20] is GRANTED. The "Amended Complaint and Jury Demand," heretofore attached as Exhibit A to the motion [Doc. No. 20-2], is and hereby will be filed.

Dated this 28th day of March, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
KATHLEEN M. TAFOYA
United States Magistrate Judge